

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Travis Co*

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-2510
Re: Right of student to re-
imbursement for tuition
and transportation paid
in attending school out-
side district of his
residence.

We are in receipt of your letter of July 2, 1940,
requesting the opinion of this department, to which is attach-
ed a letter by Mrs. Bertha D. Allen, County Superintendent of
Gregg County, setting out the following facts:

"A student residing in the Spring Hill Com-
mon School District asked for a transfer for the
school year 1939-40. His transfer was canceled
by the County Board together with other transfers.
His parents sent him to Longview Independent School
which is out of the district. His grade was taught
at the school in the district in which he resided.
However, the parents state that he could not get in
the Spring Hill School one or two of the subjects
that he chose to study. The parents are of the
opinion that they are entitled to reimbursement
from the Board of Trustees for tuition paid and
transportation furnished for this pupil."

Article 2901, R. C. S., 1925, reads as follows:

"Every child in this State of scholastic
age shall be permitted to attend the public
free schools of the district or independent
district in which it resides at the time it applies
for admission, notwithstanding that it may have

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. A. Woods, page 2

been enumerated elsewhere, or may have attended
school elsewhere part of the year."

Article 2902, R. C. S., 1925, provides as follows:

"All children, without regard to color, over
six years of age and under eighteen years of age
at the beginning of any scholastic year, shall be
included in the scholastic census and shall be en-
titled to the benefit of the public school fund for
that year.  The board of school trustees of any city
or town or independent or common school district shall
admit to the benefits of the public schools any per-
son over six and not over twenty-one years old at the
beginning of the scholastic year, if such person or
his parents or legal guardian reside within said city,
town or district."

Article 2696, R. C. S., 1925, authorizes the transfer
of students from one district to another by the County Superin-
tendent upon proper application being filed and provides for an
appeal to the County Board of Trustees "who shall have the right
to annul and cancel the transfer allowed by the county superin-
tendent."

Article 2922L (1) Vernon's Texas Civil Statutes pro-
vides in part:

"Sec. 1. The board of trustees of any
common or independent school district, whether
organized by General or Special law, which levies
and collects a maintenance tax for the purpose of
supplementing the available school fund received
from the State and county shall admit into the
public schools of the district free of tuition,
all persons who are over six (6) and not over
twenty-one (21) years old at the beginning of the
scholastic year, if such person or his parents or
legal guardian reside within said common or inde-
pendent school district.

"Any pupil between the age of six (6) and
twenty-one (21) residing in a rural district
or other district, which levies a local main-
tenance tax, who has been promoted to a high
school grade not taught in his home district,

Honorable L. A. Woods, page 3

shall have the right to attend a standardized,
classified, or affiliated high school in his
home county or in any other county at the
expense of his home school district, if such
district as determined by its budgeted ex-
penditures according to the General Budget
Law is financially able to provide tuition, or
otherwise at the expense of the State of Texas.

"If the name of such pupil appears on the
census roll of his home district and if the
pupil attends a high school in the county
of his residence, his State and county per
capita funds shall be transferred to the re-
ceiving district under the General laws govern-
ing the transfer of pupils. If the pupil's
name appears on the census roll of his home district
and if he attends a high school in a county
other than that of his residence, his local
districtshall pay to the school which he attends
an amount equivalent to the State and county
per capita apportionment. The receiving
district shall allow such pupils to attend
school for as long a time as the State and coun-
ty available funds will operate the public
schools of the race to which such transferred
pupil belongs, such free school term for such
pupil to being with the date such transferred
pupil enters the school of the receiving dis-
tricts. After the expiration of the time
that the State and county available funds will
operate the free schools of the district, the
receiving district may charge such pupil
tuition at a rate fixed by the Board of Trustees
of the receiving district, and approved by
the State Department of Education, such rate
to be based upon the budgeted expenditures for
maintenance of the high school grades of the
receiving district for the current school year,
exclusive of bonds and interest thereon.

"If the name of such pupil is not on the
census roll of his home district, he may
attend a high school under the same terms as
the above pupils, except that his home district
and the State will be obligated for the pay-

ment of tuition for the entire time of his attendance in the receiving district. Provided, any obligations of the State of Texas as herein referred to in this Act shall be paid from the Rural Aid Fund from the sum or sums set aside for rural high school tuition in said law. It is further provided that in no instance shall the State be obligated to pay out of the funds appropriated for this purpose a tuition rate in excess of Seven Dollars and Fifty Cents ($7.50) per month per pupil. Provided further, that this provision shall not alter or limit the operation in any county which has by special Act created a County Equalization Fund and where said Fund is now being used to defray in whole or in part, rural high school tuition fees."
(Underscoring of statutes ours)

Our school statutes contemplate that students shall attend the school of their home district. A receiving district may charge students who reside in another district a reasonable tuition. Opinion No. 0-2177, a copy of which is enclosed herewith. Provision is made for the transfer of a student to a district other than his residence, together with the State per capita apportionment for such scholastic. The County Board of Trustees is vested with statutory authority to cancel and set aside transfers upon appeal, and the board having exercised its discretion, its action is not open to question by this department.

Article 2922L, supra, recognizes that in certain circumstances the home district should be obligated to furnish tuition for its resident scholastics to attend the schools of other districts and in the event the home district is unable to pay such tuition it may be paid by the State in proper cases. This obligation upon the home district to pay tuition for its scholastics is confined to students whose grade is not taught by the home district.

505

Honorable L. A. Woods, page 5

It is our opinion that under the facts stated a student is not entitled to reimbursement for transportation and tuition paid in attending a school not in the district of his residence.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JUL 15, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By

Cecil G. Cammack
Assistant

CCC:eaw



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN